UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESPERANDIEU JEAN JACQUES
and MATILDE PIERRE GILES,

      Plaintiffs,

v.                                                                          No: 8:20-CV-01296-02-SPF

CHAD F. WOLF, as Acting Secretary,
Dep't of Homeland Security; and
KEN CUCCINNELLI, as Acting Director,
Citizen and Immigration Services,

      Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

This matter comes before the Court on Defendants' Motion to Dismiss, Doc. 12, and Plaintiffs' Response in Opposition, Doc. 14. Plaintiff Esperandieu Jean Jacques seeks review of the United States Citizenship Immigration Services' ("USCIS") decision to deny his I-485 application. Doc. 1. Defendants argue Jacques's complaint should be dismissed for lack of subject-matter jurisdiction. Doc. 12. The Court held a hearing on the matter on September 2, 2020. Doc. 16. With the benefit of briefing and oral argument, the Court grants the Motion to Dismiss Plaintiff Jacques's complaint. The parties agree that Plaintiff Matilde

Pierre Giles received the relief she was seeking in a recent administrative ruling; thus, her complaint here is dismissed as moot.

## FACTUAL BACKGROUND

Plaintiff Jacques is a citizen of Haiti. Doc. 1 at 3. He entered the United States illegally in 2005, without admission or inspection. *Id*. Shortly after entering, Plaintiff applied for asylum. *Id.* An immigration judge in 2007 ordered Plaintiff removed from the United States. Doc. 1 at 4. Plaintiff subsequently appealed this order to the Board of Immigration Appeals, but the Board dismissed the appeal in 2008. *Id.* Plaintiff did not depart the United States and was not physically removed by authorities. The removal order against Plaintiff has remained in place since 2007 and is still extant. Doc. 14 at 10.

In 2010, the Attorney General provided Haitian aliens temporary protected status ("TPS") due to an earthquake in Haiti. Doc. 1 at 4. TPS for Haitian aliens does not expire until 2021. *See* Continuation of Documentation for Beneficiaries of Temporary Protected Status Designations for El Salvador, Haiti, Honduras, Nepal, Nicaragua, and Sudan, 84 Fed. Reg. 59,403 (Nov. 4, 2019).

While living in the United States on TPS, Plaintiff traveled overseas several times and returned to the United States after each trip. Doc. 1 at 5. Plaintiff facilitated this travel by using a Form I-512L. *Id.* This form—"Authorization for Parole of an Alien into the United States"—confirms that a traveling alien may

reenter the United States upon, and retain, the same TPS status the alien had when he or she left the United States. *See* Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102-232, § 304(c)(1)(A), 105 Stat. 1733, 1749. Plaintiff's most recent travel under Form I-512L was in January 2017, when Plaintiff reentered the United States at Port Everglades, Florida, using this parole document. Doc. 1 at 5.

Plaintiff married Matilde Pierre Giles, a U.S. citizen, in April 2017. *Id.* Giles—as a citizen spouse of the alien Plaintiff—then filed a Form I-130, "Petition for Alien Relative." *Id.* at 6. This form is the first step in helping eligible relatives of U.S. citizens apply for Permanent Resident Cards, commonly known as Green Cards. *See United States v. Palomino Garcia*, 606 F.3d 1317, 1324 (11th Cir. 2010).

In September 2018, while Giles's Petition was pending, Plaintiff submitted a Form I-485 to USCIS. Doc. 1 at 6. This form is an application to "Register Permanent Residence or Adjust Status." *Id.* Through this application, Plaintiff sought to readjust his present status of removable alien and begin his process of obtaining permanent residency. *Id.*

USCIS denied Giles's Form I-130 spousal petition in January 2019. *Id.* Giles sought a rehearing on the issue, leading USCIS to reopen the case in July 2020.

Doc. 12 at 1 n.1. USCIS ultimately granted her spousal petition in August 2020, thereby mooting her claim here.

In November 2019, Defendant USCIS denied Plaintiff Jacques's Form I-485 Petition. Doc. 1 at 6. Plaintiff says USCIS denied his Form I-485 Petition "on grounds that Plaintiff Jacques had filed the Form I-485 *after* USCIS had denied [Giles's] Form I-130." *Id.*

Plaintiff Jacques then filed this suit under the Administrative Procedures Act ("APA"), stating that denial of his Form I-485 was a final agency action within the meaning of the APA, 5 U.S.C. § 702. Doc. 1 at 6.  He claims the agency's denial of his I-485 Petition was arbitrary and capricious, constituting an abuse of discretion that violated 5 U.S.C. § 706(2). *Id.* at 7. He asks this Court to enter an injunction compelling USCIS to reconsider and adjudicate his Form I-485 readjustment petition appropriately. *Id.* at 7-8. Plaintiff also asks this Court for fees and costs. *Id.* at 8. Defendants argue that the jurisdiction for any adjustment to Plaintiff's status resides with an immigration judge and, eventually, the court of appeals on review. Doc. 12 at 7. Plaintiff retorts that Defendants are wrong as a matter of law, arguing that USCIS has jurisdiction and must adjudicate his Form I-485 Petition. Doc. 14 at 1.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), set forth in "numbered paragraphs each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b). Thus, to survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must also view the complaint in the light most favorable to the plaintiff and resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court accepts Plaintiffs' factual allegations as true at this stage. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

A defendant may attack subject-matter jurisdiction in two manners: facially and factually. *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999). A facial attack to subject-matter jurisdiction requires that the court assess, taking the allegations of the complaint as true, whether the complaint sufficiently alleges a

basis for jurisdiction. Fed. R. Civ. P. 12(b)(1). By contrast, in assessing a factual challenge to subject-matter jurisdiction, the court may consider matters outside of the complaint. *McMaster*, 177 F.3d at 940. This is a facial challenge. If a court finds at any point in the litigation that it lacks subject-matter jurisdiction over an action, it must dismiss the complaint. Fed. R. Civ. P. 12(h)(3).

## LEGAL ANALYSIS

The Immigration and Nationality Act ("INA") limits which courts have jurisdiction to hear challenges against removal orders. *See* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal[.]"); *see also* § 1252(b)(9) (consolidating "all questions of law and fact, including interpretation and application of constitutional and statutory provisions" into judicial review by the circuit court of appeals). Federal district courts do not have jurisdiction over challenges against removal orders, regardless of whether such challenges are direct or indirect. *See Del Carmen Espinosa v. Swacina*, No. 19-21315-civ, 2019 WL 6682836, at *2 (S.D. Fla. Dec. 6, 2019) (citing *Singh v. U.S. Citizenship & Immigr. Servs.*, 878 F.3d 441, 445 (2d Cir. 2017), *as amended* (Jan. 9, 2018)); *see also Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011). Moreover, district courts lack jurisdiction over challenges to decisions that are "inextricably linked" to removal orders. *See Morales-Izquierdo*

6

*v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1082-83 (9th Cir. 2010), *overruled in part on other grounds by Garfias-Rodriguez v. Holder*, 702 F.3d 504 (9th Cir. 2012) (en banc).

The jurisdiction rules differ for "arriving aliens." *See* 8 C.F.R. § 1245.2(a)(1). USCIS generally has jurisdiction over cases in which an arriving alien in removal proceedings seeks an adjustment of his or her status. *See id.*; *see also Scheerer v. U.S. Atty. Gen.*, 513 F.3d 1244, 1251 (11th Cir. 2008) (finding that arriving aliens generally must file their adjustment applications with USCIS rather than before an Immigration Judge). An "arriving alien" is:

> an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of- entry, or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport. An arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the Act, and even after any such parole is terminated or revoked.

8 C.F.R. § 1.2.

Here, Defendants argue an immigration judge has exclusive jurisdiction over Plaintiff's claims. Doc. 12 at 2. According to Defendants, Plaintiff's case amounts to an impermissible attack on the final order of deportation. *Id.* Plaintiff was ordered deported in 2007 and remains under that order; he cannot now indirectly attack the order in an inappropriate forum. *Id.* Accordingly, Defendants argue an

immigration judge controls any adjustment to Plaintiff's status in removal proceedings and this Court therefore lacks subject-matter jurisdiction. *Id.*

Plaintiff argues USCIS has jurisdiction over his claims. Doc. 14 at 11. In an inventive but not original argument, Plaintiff says his travels abroad and subsequent returns to the United States—made possible by his TPS—turned him into an "arriving alien." *Id.* at 13. Just like other arriving aliens, Plaintiff claims he is now subject to USCIS jurisdiction. *Id.* at 14. Essentially, Plaintiff argues his foreign travels fulfilled the 2007 removal order, allowing him to return to the United States anew and cleansed of his prior status. *Id.* at 15.

The problem with Plaintiff's theory is there is no legal precedent to support it. In fact, there is sound precedent against it. *See, e.g.*, *Del Carmen Espinosa*, 2019 WL 6682836, at *1 (ruling that an alien under deportation order and traveling under TPS did not qualify as an "arriving alien" to invest USCIS with jurisdiction over her adjustment of status); *Gonzalez v. Mayorkas*, No. 1:13-cv-1230, 2014 WL 585863, at *5 (E.D. Va. Feb. 12, 2014), *aff'd sub nom.* 585 F. App'x 130 (4th Cir. 2014) (same). USCIS even released a policy memorandum in August 2020 expressly rejecting Plaintiff's argument. *See* USCIS Policy Memorandum PM 602-0179, *Matter of Z-R-Z-C-, Adopted Decision 2020-02 (AAO)* (Aug. 20, 2020).

As such, Plaintiff is not an "arriving alien" by dint of his short travels. He has lived in the United States for over a decade in both illegal and lawful status. He

8

has never permanently left the United States since being ordered deported. In fact, were Plaintiff to argue otherwise, he would be disqualified from TPS. *See* 8 U.S.C. § 1254a(c)(3)(B) (providing that the Attorney General shall withdraw TPS when an alien has not remained continuously present in the United States); *but c.f.* 8 U.S.C. § 1254a(c)(4) (stating that "brief, casual, and innocent departures" from the United States do not violate TPS). Plaintiff did not satisfy and abrogate the final removal order when he "removed" himself for a short vacation overseas secure in the knowledge that his TPS papers would enable his reentry unimpeded.

Thus, Plaintiff's status remained unchanged by his travels. Aliens who have been granted TPS and who are permitted to temporarily travel abroad "shall be . . . admitted in the same immigration status the alien had at the time of departure" when they return to the United States. § 304(c)(1)(A), 105 Stat. 1733.[1] Accordingly, when Plaintiff returned to the United States from his overseas travels, he entered with the same immigration status he had when he departed: as an alien who entered without inspection, who was ordered removed after hearing and appeal, and who was then granted TPS due to a natural disaster in his homeland. Plaintiff's short travels did not transform this status.

Therefore, the Court finds that the relief sought—an injunction compelling Defendants to adjudicate Plaintiff's Form I-485—is an indirect challenge to the 2007

---

[1] These provisions appear as a note to 8 U.S.C. § 1254(a).

9

order of removal. *See Lambert v. Sec'y, Dep't of Homeland Sec.*, No. 6:19-cv-59-ORL-40LRH, 2019 WL 2411226, at *1 (M.D. Fla. June 7, 2019) ("The substance of the relief sought—an order requiring Defendants to reopen and 'properly adjudicate' [alien's] Form I-485—is an indirect challenge to the order of removal against [alien]."). Because federal district courts lack subject-matter jurisdiction over indirect challenges to removal orders, as well as challenges to decisions that are "inextricably linked" to removal orders, this Court must dismiss the complaint with prejudice for lack of subject-matter jurisdiction.[2] The complaint is not amenable to cure as there is no jurisdiction here.

## CONCLUSION

Defendants' Motion to Dismiss (Doc. 12) is **GRANTED**, and the action is **DISMISSED**. The Clerk is directed to terminate any pending motions and deadlines and to close the case.

**DONE AND ORDERED** at Tampa, Florida, on September 11, 2020.

*/s/ William F. Jung*

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

---

[2] Because the Court is dismissing Plaintiff's claims on jurisdictional grounds, the Court need not address the remaining arguments presented in Defendants' motion. *See Boda v. United States*, 698 F. 2d 1174, 1177 n.4 (11th Cir. 1983) (explaining that "[w]here dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds.").

**COPIES FURNISHED TO:**

Counsel of Record